UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RHONDA JACKSON

VERSUS

LOUISIANA STATE UNIVERSITY,
ET AL.

CIVIL ACTION

25-338-SDD-SDJ

**RULING**

Before the Court is the Motion to Dismiss[1] filed by Louisiana State University (Healthcare Services Division). Since the filing of the Motion, Louisiana State University has been replaced by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as the proper party Defendant.[2] Plaintiff, Rhonda Jackson ("Plaintiff"), opposes the Motion,[3] and Defendant filed a Reply.[4] For the reasons which follow, the Motion will be granted in part and denied in part.

I. **BACKGROUND**

Plaintiff initiated this lawsuit in state court against Louisiana State University ("LSU").[5] Plaintiff alleges she experienced harassment, retaliation, and discrimination based on her age and race while she was a nurse at LSU.[6] LSU removed the case to this Court on the basis of federal question subject matter jurisdiction.[7]

LSU filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(5) and 12(b)(6), arguing that it is not a proper defendant in this

---

[1] Rec. Doc. 12.
[2] Rec. Doc. 21.
[3] Rec. Doc. 18-1.
[4] Rec. Doc. 20.
[5] Rec. Doc. 1-2, pp. 1–8.
[6] *Id.*
[7] Rec. Doc. 1.

action and that, even if it was, Plaintiff failed to effectuate proper service.[8] In response, Plaintiff filed a Motion to Substitute Proper Party, requesting that the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter, the "Board of Supervisors" or "Defendant") be substituted in place of LSU.[9] Plaintiff also filed an untimely Memorandum in Opposition to the Motion to Dismiss.[10] LSU filed a Reply.[11]

Subsequently, Plaintiff's Motion to Substitute Proper Party was granted, substituting the Board of Supervisors in place of LSU as the proper defendant.[12]

## II. LAW AND ANALYSIS

### A. Defendant's Rule 12(b)(6) Argument is Moot

LSU, the defendant at the time, moved to dismiss under Rule 12(b)(6) on the basis that it was not the proper defendant.[13] The Board of Supervisors, the proper party, has since been substituted in place of LSU. Therefore, the Rule 12(b)(6) Motion is denied as moot.

### B. Rule 12(b)(5)

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).[14] "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[15] Rule 12(b)(5) is

---

[8] Rec. Doc. 12-1.
[9] Rec. Doc. 18.
[10] Rec. Doc. 18-1. *See* Middle District of Louisiana Local Rule 7(f), requiring opposition to be filed within twenty-one days of service of the motion. Defendant filed its Motion on July 23, 2025, and Plaintiff filed her opposition on August 21, 2025.
[11] Rec. Doc. 20.
[12] Rec. Doc. 21.
[13] Rec. Doc. 12-1, pp. 3–5.
[14] *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).
[15] *Ceasar v. Louisiana Bd. of Ethics*, No. 17-562, 2018 WL 2090184, at *4 (M.D. La. May 4, 2018) (quoting *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007)).

applicable to challenges regarding "the mode of delivery or the lack of delivery of the summons and complaint."[16] The burden of demonstrating the validity of service when an objection is made lies with the party making service.[17]

Under Federal Rule of Civil Procedure 4(j)(2), "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[18]

Louisiana Revised Statute 13:5107(A) provides, "[i]n all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana … and on the department, board, commission, or agency head or person[.]"[19] The statute further provides that "[s]ervice shall be requested upon the attorney general within ninety days of filing suit."[20] Additionally, La. R.S. 39:1538(D) specifically requires that "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general[.]"[21]

Plaintiff has not met her burden of demonstrating proper service. Plaintiff's opposition to Defendant's Motion was untimely under Local Rule 7(f) and contains no

---

[16] *Hodge v. Layrisson*, No. 97-555, 1998 WL 564263, at *2 (E.D. La. Sept. 1, 1998) (quoting Wright & Miller, Federal Practice & Procedure: Civil 2d § 1353).
[17] *Holly*, 213 Fed. Appx. at 344 (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).
[18] Fed. R. Civ. P. 4(j)(2).
[19] La. R.S. 13:5107(A)(1).
[20] La. R.S. 13:5107(A)(2).
[21] La. R.S. 39:1538(D).

argument regarding service.[22] The record reflects that Plaintiff originally requested service only on LSU, at 8585 Archives Avenue, Baton Rouge, Louisiana 70809.[23] Plaintiff did not attempt to request service on the proper defendant, the Board of Supervisors, until beyond the ninety-day limit.[24] Specifically, Plaintiff requested service on LSU's general counsel, which is improper under the directions of Rule 4(j) and La. R.S. 13:5107(A). Further, there has been no showing that Plaintiff requested service on the attorney general or the office of risk management as required under La. R.S. 13:5107(A) and 39:1538(D).

La. R.S. 13:5107(D)(2) states that an action "shall be dismissed without prejudice" if service is not requested within the ninety-day limit.[25] Plaintiff has failed to submit any argument in opposition to dismissal for insufficient service, and there is no evidence that Plaintiff has attempted to perfect service after the filing of Defendant's Motion. Accordingly, the Court finds dismissal without prejudice appropriate.

\* \* \*

---

[22] Rec. Doc. 18-1.
[23] Rec. Doc. 1-2, p. 8.
[24] *Id.* at p. 15.
[25] Courts have noted that the statute is mandatory. *See, e.g., Truxillo v. E. Baton Rouge Sheriff's Off.*, No. 10-348, 2010 WL 3259372, at *2 (M.D. La. Aug. 16, 2010); *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 381 (5th Cir. 2008); *Chinn v. Mitchell*, 734 So.2d 1263, 1265 (La. App. 1 Cir. 1999).

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss[26] is GRANTED IN PART and DENIED IN PART.

The Motion to Dismiss under Rule 12(b)(6) is DENIED as moot.

The Motion to Dismiss under Rule 12(b)(5) is GRANTED, and Plaintiff's action is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 14th day of _____January_____, 2026.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. 12.